**In the Matter of Barbara Inez LAWSON, James A. Lawson, Maryanne Lawson Wolf, Debtors.**

**Marie H. SMITH, Complainant,**

**v.**

**Barbara Inez LAWSON, James A. Lawson, Maryanne Lawson Wolf, Respondents.**

**Bankruptcy Nos. 3–84–01853, 3–84–02059 and 3–84–02058.**

**Adv. Nos. 3–85–0020 to 3–85–0022.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Oct. 22, 1985.

Mary K.C. Soter, Dayton, Ohio, for debtors.

Gary C. Schaengold, Dayton, Ohio, for plaintiff.

**DECISION AND ORDER ON DISCHARGEABILITY OF DEBT**

WILLIAM A. CLARK, Bankruptcy Judge.

This matter came before the Court as a consolidation of three adversary proceed-

ings filed by the Plaintiff against Barbara Inez Lawson, James A. Lawson and Maryanne Lawson Wolf, principals in the Ivy Lounge restaurant. Plaintiff alleges that the debt owed by the three defendants to the Plaintiff was the result of a false representation and actual fraud. Plaintiff maintains that her debt should be determined nondischargeable because of fraud as provided by 11 U.S.C. §§ 523 and 727.

At the conclusion of the testimony presented by the plaintiff, defendant moved for dismissal of the complaint on the ground that plaintiff failed to meet the burden of proof to establish fraudulent conduct on the part of the defendants. The Court finds that said motion is well taken.

The facts proved at the hearing showed that Barbara Inez Lawson requested plaintiff, her employee and friend, to loan money over a period of several years so that defendants could pay taxes and business expenses due resulting from the operation of the Ivy Lounge. Without making inquiry as to the financial condition of the business, Marie H. Smith loaned the Lawsons $35,700.00. The evidence showed that the defendants used the loan proceeds to pay taxes owing for the operation of the Ivy Lounge in the form of withholding taxes for employees, sales taxes and other business debts. When plaintiff became concerned about the repayment of the loan, she had a demand cognovit note prepared providing for the payment of $34,800.00 at 10% interest, which was signed by the three defendants on January 19, 1983. With agreement of Barbara Inez Lawson in 1984, plaintiff began withholding money from her daily settlement as a waitress at the Ivy Lounge until she retained $1,900.00 as payments upon the loan.

Plaintiff testified that she made the loans because she knew her friend needed the money and she trusted that it would be repaid. She did not ask for nor were financial statements offered at the time any of the loans were made.

In order to support a finding of fraud the following elements must be proved by clear and convincing evidence the plaintiff:

1. false representation
2. intent to deceive
3. material fact
4. reasonable reliance.

*See In re Buford,* 25 B.R. 477, 481 (Bankr. S.D.N.Y.1982).

■ Plaintiff has failed to prove a false representation made by any of the defendants. Barbara Inez Lawson asked for the loans for the purpose of paying business expenses and taxes. When she received the money she used the funds for the purpose she had stated to plaintiff. There is no evidence of an intent to deceive plaintiff. Since there was no proof of a false representation and no proof of an intent to decieve, plaintiff has failed to meet the burden of proof of two of the elements of fraud. Further discussion of the remaining elements is needless.

The testimony of Ivy Lounge employees testimony of defendants' failure to pay premiums for medical coverage and requests by the Lawsons for small loans to pay electricity bills demonstrate the difficult financial situation of the Ivy Lounge rather than any scheme of fraudulent activity.

It is extremely unfortunate that plaintiff was so inexperienced and trusting that she did not recognize the risk she took in loaning money to the defendants for their struggling business. The Court is sympathetic to the defendant's need for a remedy. However, under the requisite elements of fraud she has not proved her case. Sympathy may not be substituted for long established legal principle in deciding the case.

■ As to the allegation that defendants have violated § 727 by hindering, delaying, removing, destroying or concealing property or records of financial condition, the evidence was insufficient to establish that any of the defendants committed such acts.

The Dayton police Offense Reports showed that there were two break-ins by unknown persons, one June 27, 1983 and the other September 3, 1985. The first break-in resulted in a loss of $20.00 cash.

The second resulted in a damaged plateglass window, doorlock and window with nothing reported missing. These incidents were not connected to the defendants by the evidence. There is no basis for a finding against the debtors under the provisions of § 727 to prevent a discharge for acts of the debtors.

For all of the above reasons, the motion of the defendants to dismiss the complaint is sustained and the debt owing to the plaintiff in the amount of $32,900 ($34,800 less payments of $1900.00) is dischargeable.